A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ NF
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
October 5, 2026

Presiding Judge: Sunil R. Harjani
Magistrate Judge: Keri L. Holleb Hotaling
Filed : 10/2/2026
Lead Case No: 19-cv-6734
NF

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: DELTA DENTAL ANTITRUST LITIGATION** MDL No. 2931

**TRANSFER ORDER**

**Before the Panel**:* Plaintiffs in the five actions listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred the actions to the Northern District of Illinois for inclusion in MDL No. 2931. Defendants Delta Dental of California, Delta Dental Plan of Michigan, Inc., Delta Dental of Washington, Delta Dental of Wisconsin, Inc., and Dental Service of Massachusetts, Inc., d/b/a Delta Dental of Massachusetts, oppose the motions.

After considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2931, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that the Delta Dental defendants divided and allocated dental insurance markets nationwide among themselves to eliminate competition. Plaintiffs allege that defendants "abused their monopsony power to: (1) restrict competition between the Delta Dental insurers when operating under the 'Delta Dental' brand; (2) reduce the amounts of reimbursement paid by the Delta Dental insurers to dentists and dental practices who provide services to patients under Delta Dental insurance plans; and/or (3) restrict competition between the Delta Dental insurers when operating under non-Delta Dental brands." *In re Delta Dental Antitrust Litig.*, 433 F. Supp. 3d 1358, 1359 (J.P.M.L. 2020). The five actions listed on Schedule A were filed after the transferee court denied certification of a proposed nationwide class of Delta Dental providers and denied plaintiffs leave to amend the master complaint to add claims for putative statewide classes of providers. *See* Order, *In re Delta Dental Antitrust Litig.*, C.A. No. 1:19-06734 (N.D. Ill. Jan. 23, 2026), ECF No. 960 (denying leave to amend); *In re Delta Dental Antitrust Litig.*, 800 F. Supp. 3d 898 (N.D. Ill. 2025) (denying class certification).

In opposition to transfer, plaintiffs argue that these actions do not overlap with the action in the MDL because the only remaining claims in the MDL are individual claims brought under the Sherman Act. In contrast, plaintiffs in these actions plead state classes of Delta Dental providers and assert claims under state antitrust and consumer protection laws, not the Sherman Act, against a single Delta Dental member company. Plaintiffs contend that these actions will

* Judges Madeline Cox Arleo and M. Casey Rodgers did not participate in the decision of this matter.

require case-specific discovery directed to the state markets alleged in each case. They also argue that transfer of such actions will no longer yield efficiency and convenience benefits due to the advanced procedural posture of the MDL.

Plaintiffs' arguments are not persuasive. They allege the same anticompetitive behavior by the Delta Dental defendants; indeed, the factual allegations in their complaints are substantially identical to those in the complaints in the MDL. Allowing such factually related actions to proceed separately could complicate the proceedings in the MDL. For instance, the Delta Dental defendants and other non-parties could be subject to duplicative discovery requests in these actions. Transfer will eliminate any potential for inconsistent pretrial rulings or duplicative discovery. We also note that we have transferred at least one action brought on behalf of a putative state class of Delta Dental providers. *See In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377 (J.P.M.L. 2020) (transferring action brought on behalf of a putative class of New York Delta Dental providers).

Plaintiffs additionally argue that transfer will result in delay, particularly with respect to their pending motions for remand to state court. This argument, however, is based on speculation regarding how quickly the transferee court will rule on plaintiffs' motions. In any event, while "centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012).

Finally, we note that, while the transferee court has denied plaintiffs' motion to amend the master complaint to add new classes, it has not indicated that transfer of complaints such as these, containing virtually identical factual allegations but limited to statewide classes, is inappropriate. Should Judge Harjani determine that the continued inclusion in the MDL of one or more of these statewide class actions is not warranted, he can suggest remand with a minimum of delay. *See* Panel Rules 10.1–10.3.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Sunil R. Harjani for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell

Karen K. Caldwell
Chair

Matthew F. Kennelly
Dale A. Kimball
David C. Norton
Richard Seeborg

**IN RE: DELTA DENTAL ANTITRUST LITIGATION** MDL No. 2931

**SCHEDULE A**

Central District of California

1:26-cv-12166 DANIEL MEIR KLEIN DDS APC, ET AL., v. DELTA DENTAL OF CALIFORNIA, C.A. No. 2:26−05974

District of Massachusetts

1:26-cv-12168 LEVENSON, DMD, ET AL. v. DENTAL SERVICE OF MASSACHUSETTS, INC., C.A. No. 1:26−12519

Eastern District of Michigan

1:26-cv-12171 FRITZ, ET AL. v. DELTA DENTAL PLAN OF MICHIGAN, INC., C.A. No. 5:26−11836

Western District of Washington

1:26-cv-12172 HENNEBERG v. DELTA DENTAL OF WASHINGTON, C.A. No. 2:26−02185

Eastern District of Wisconsin

1:26-cv-12174 CUDAHY DENTAL ASSOCIATES SC v. DELTA DENTAL OF WISCONSIN, INC., C.A. No. 2:26−00995